IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**FILED**
99 MAR 31 AM 8:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

**ENTERED**
MAR 31 1999

| | |
|---|---|
| PATSY N. ROBINSON | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NUMBER |
| v. | ) |
| | ) CV-99-C-0352-NE |
| MORGAN COUNTY, ALABAMA, et al., | ) |
| Defendants. | ) |

### MEMORANDUM OF OPINION
### GRANTING DISMISSAL OF STATE TORT CLAIMS

On January 22, 1999, the plaintiff Patsy N. Robinson brought this action, under 42 U.S.C. § 1983 ("section 1983") and state law, against the Sheriff of Morgan County, Alabama and two of his deputies for excessive force, malicious prosecution, negligent supervision, and assault and battery. Pending before the Court is the Motion to Dismiss filed by defendants Paul G. Hill and Steve Poole.

The plaintiff's claims arise out of her arrest on January 23, 1997, on suspicion of driving under the influence of alcohol. According to her Complaint, after being stopped, the plaintiff explained to deputy sheriff Paul G. Hill that she is handicapped, and is unable to stand upright, walk properly, or bend her knees. (Pl. Compl. ¶ 8.) However, after placing her in handcuffs, defendants Hill and deputy sheriff Steve Poole dragged her from

her car to their police car, and from the police car to the station, and then failed to provide needed and requested medical treatment. (Pl. Compl. ¶¶ 6-17.)

The only issue before this court is whether the defendants are entitled to sovereign immunity from state law tort suits. Despite Alabama state court decisions limiting sovereign immunity when a state official acts willfully, maliciously or in bad faith, see, e.g., Phillips v. Thomas, 555 So.2d 81, 83 (Ala. 1989), the Eleventh Circuit, in McMillian v. Johnson, 88 F.3d 1554, 1571 (11th Cir. 1996), cert. denied 117 S.Ct. 2514 (1997), relying on Tinney v. Shores, 77 F.3d 378 (11th Cir. 1996), held that § 14 of the Alabama Constitution provides absolute immunity to sheriffs in both their official and individual capacities. See also Williams v. Goldsmith, 4 F.Supp.2d 1112, 1128-29 (M.D. Ala. 1998) (extending McMillian immunity to deputy sheriffs). Based on the Eleventh Circuit's interpretation of Alabama law, sovereign immunity shields state actors from liability for their intentional torts. See id. at 1128. By way of illustration, the Eleventh Circuit's interpretation would countenance a deputy sheriff's false arrest and rape of a woman without any risk of civil liability under state law.

This Court is not at all convinced that the Alabama Supreme Court would reach the same conclusion. But the court is bound by the Eleventh Circuit's interpretation of Alabama law, even though

it respectfully disagrees. Since only prospective injunctive relief ("Don't do it again!") is available to the plaintiff, and not the tort damages sought here, see Williams, 4 F. Supp.2d at 1129, the state law tort claims against Hill and Poole must be dismissed.

These defendants do not fare so well on the plaintiff's claims under section 1983. They are not entitled to qualified immunity because as of 1997, it was clearly established that law enforcement officers may not use excessive force in effecting an arrest, see Graham v. Connor, 490 U.S. 386 (1989), and that law enforcement officials may not be deliberately indifferent to the serious medical needs of an arrested person, see Estelle v. Gamble, 429 U.S. 97 (1976).

Therefore, the motion will be granted on the state law claims, but denied on the section 1983 claims.

Done this 30% day of March, 1999.

United States District Judge
U.W. Clemon